UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHRIS LAMBERT

    Plaintiff,

V.                                                                               CIVIL ACTION NO

LAW OFFICE OF JOE PEZZUTO

Defendant.                                                             MAY 12, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Owings Mills, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a law firm engaged in the business of collecting debts in the State of Maryland with a principal place of business located 4013 E Broadway Road, Suite A2, Phoenix, AZ 85040 and is authorized to do business in Maryland and licensed also as a collection agency. The principal purpose of Defendant business

is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

9. The Defendant has contacted non obligated parties to this debt and discussed with 3rd parties prohibited information about Plaintiff's disputed personal debt in violation of §1692c.

10. The Plaintiff attempted to dispute the alleged debt with a collection agent who identified herself as Bonnie.

11. The Defendant stated that the Plaintiff could not dispute his debt and violated the FDCPA by making false, deceptive and misleading statement in violation of §1692e.

12 The Defendant further advised the Plaintiff that despite knowing the account was disputed, he was not going to note the account to the credit bureaus if the Defendant reported such debt to the Credit Bureaus.

13. Defendant stated that if Plaintiff did not make immediate payment Defendant law office would file suit, which statement is false deceptive and misleading as Defendant is not licensed to practice law in the State of Maryland.

14. The Defendant does not maintain procedures in place adequately designed to avoid the violation(s) of the FDCPA.

15. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f, and g.

SECOND COUNT:

16. The allegations of the First Count are repeated and realleged as if fully set forth herein.

17. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

18. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff statutory damages pursuant to MDCDCA.
3. Award the plaintiff costs of suit and a reasonable attorney's fee.
4. Award such other and further relief as this Court may see fit.

                THE PLAINTIFF

                BY/S/Bernard T. Kennedy
                Bernard T. Kennedy, Esquire
                The Kennedy Law Firm
                P.O. Box 657
                Edgewater, MD 21037
                Ph   (443) 607-8901
                Fax (443) 607-8903
                Fed. Bar # Md26843
                bernardtkennedy@yahoo.com